**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY MARCO ANTONIO MENDEZ-RAMIREZ,<br>Petitioner,<br>v.<br><br>JEREMY CASEY, Warden, Imperial Regional Detention Center,<br>Respondent. | Case No.: 3:26-cv-04513-BTM-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 7]** |

Having considered the briefing and oral argument, the Court adopts its decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), and applies it here. The Court finds that the Petitioner was granted conditional parole, as acknowledged by the Government. (ECF No. 8.) The Court also finds that, in light of the *Mathews v. Elridge* factors, the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). The Government violated the Petitioner's due process rights by "detaining [him] without justification." *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1158 (D. Minn. 2025); *cf. Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021). The Government did

not give him notice of any reason for his detention or an opportunity to rebut it. Moreover, the Government does not contend that any changed circumstances warranted Petitioner's redetention. The Government also does not have evidence that the Petitioner poses a danger to the community aside from his conviction for check kiting. Thus, the petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Government shall immediately release Henry Marco Antonio Mendez-Ramirez from custody on any preexisting conditions.

This order of release is without prejudice to the Government's ability to redetain the Petitioner in a manner that respects the Petitioner's Due Process rights. Although the Petitioner was granted conditional parole, the Court uses the analogous humanitarian parole law to set a guideline for the procedures that the Government must follow when redetaining the Petitioner. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2). The Government may properly revoke the Petitioner's parole by providing him a written revocation notice—issued by a statutorily authorized official—that provides individualized grounds for the termination of parole. The Government must also allow the Petitioner an opportunity to rebut the revocation of parole. *Cf. Araujo v. LaRose*, No. 25-cv-2942, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025).

The parties shall file a joint statement as to the satisfaction of the writ by September 22, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: September 21, 2026

Honorable Barry Ted Moskowitz
United States District Judge